**Min OO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71317.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Jan. 7, 2008.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia A. Smith, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Stephen M. Elliott, U.S.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Justice Civil Division, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Min Oo, a native and citizen of Burma, petitions for review from the decision of the Board of Immigration Appeals (BIA) adopting and affirming the decision of an Immigration Judge (IJ), finding him not credible and denying his application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review both the IJ's and the BIA's decisions, because the BIA adopted the IJ's decision and added reasons of its own. See Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir.2005). We examine the record to determine whether substantial evidence supports the conclusion that Oo is not credible. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002).

Oo's testimony was detailed and consistent with his declaration. His testimony about the founding of the All Burma Student Union was not inconsistent. Oo's continued involvement in student protests after he was no longer a student is not implausible. There is no inconsistency in his testimony about the participants in the demonstrations, which he indicated included students and passersby. Oo explained on cross-examination that he stated in his declaration that he was kicked by police after he fell to the ground and lost consciousness because, when he came to in prison, his whole body ached. Oo consistently testified that his first imprisonment in 1990 was for three months, and misstating once his date of release was a minor error which he corrected. The discrepancies the IJ noted in Oo's description of his mistreatment in prison are very minor and most are explained by translation difficulties. Oo's description of the way he obtained his passport was not inconsistent with country conditions, because he testified that he paid a large bribe to avoid the usual bureaucratic difficulties. None of these reasons supports an adverse credibility determination.

The IJ's main conclusion, that Oo was too vague about what the student union and the National League for Democracy (NLD) stood for, is not supported by substantial evidence. Oo gave general descriptions of the contents of the fliers he distributed and the two speeches he gave at high schools, and also detailed his organizing, election and fundraising activities, as well as his reorganization of the Pathein NLD office after his release from his first imprisonment. He was never specifically pressed for more detail about what "democracy" or "civil liberties" such as freedom of speech entailed. His account is "sufficiently descriptive of the pertinent events" and because he was not given notice that he should provide more detail, this is not a valid ground for denying his claim. Akinmade v. INS, 196 F.3d 951, 957 (9th Cir.1999).

The BIA added the lack of corroborating evidence as a reason for disbelieving Oo, but such supporting documentation is only required when the applicant's testimony is not credible. See Kaur v. Ashcroft, 379 F.3d 876, 889–90 (9th Cir.2004).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because the IJ's and BIA's reasons for disbelieving Oo's testimony are not supported by substantial evidence, we grant the petition for review and remand to the agency pursuant to *INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), to determine in the first instance, deeming his testimony as credible, whether Oo is eligible for asylum, withholding of removal, or relief under CAT. *See Chen v. Ashcroft*, 362 F.3d 611, 623 (9th Cir.2004).

PETITION FOR REVIEW GRANTED; REMANDED WITH INSTRUCTIONS.